to the parole authorities in developing potential rehabilitation of a defendant, in view of the time factor and the record in this cause, we do not believe there should be a modification of the minimum sentence in this case. Under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, § 615(b)(4)), the power is vested in the court of review to reduce punishment, but it has been frequently stated that the power should be used with caution and that the trial court's judgment should not ordinarily be disturbed unless it clearly appears that the sentence constitutes a great departure from the fundamental law and its spirit. (*People v. Hobbs*, 56 Ill.App.2d 93, 205 N.E.2d 503; *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) While the defendant's pastor had indicated that he believed defendant had a capability of rehabilitation "if he had the desire," the fact that he had violated his existing probation by a burglary offense, apparently raised serious questions in the mind of the trial court as to defendant's desire for rehabilitation in view of the commission of the crime of armed robbery in the instant case.

In view of all the circumstances in this cause, therefore, we conclude that a modification of the minimum sentence in the instant case should not be entered, and that the sentence as imposed by the trial court should be affirmed. The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.

---

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES D. REYNOLDS, Defendant-Appellant.

(No. 74-79;

Third District—May 31, 1974.

642

PER CURIAM.

James Geis, of Office of State Appellate Defender, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria, for the People.

ADVANCE CONSTRUCTION COMPANY, INC., Plaintiff, *v.* BROOKHAVEN MANOR WATER COMPANY, Defendant and Third-Party Plaintiff-Appellee— (ILLINOIS BELL TELEPHONE COMPANY, Third-Party Defendant-Appellant.)

(No. 72-367;

Second District—June 5, 1974.